UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| B.D., a minor, by and through his parents and next friends, Anne and Brantley Davis, *et al.*, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Case No. 15-1139 (RJL) ) |
| DISTRICT OF COLUMBIA, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**

September 25, 2020 [Dkt. #9]

Plaintiffs Anne and Brantley Davis—as parents and next friends of their son, B.D. (together, "plaintiffs" or "the Davises")—brought this action against the District of Columbia ("defendant" or "the District"), claiming that the District of Columbia Public Schools ("DCPS") deprived their son of his rights under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Presently before the Court is defendant's Motion to Dismiss Counts 1, 2, 3, and 5 [Dkt. #9] of plaintiffs' Amended Complaint. After the motion was briefed, Magistrate Judge Kay issued a Report and Recommendation [Dkt. #15] recommending that Counts 2, 3, and 5 be dismissed. Upon consideration of Magistrate Judge Kay's Report & Recommendation, the parties' briefing, and the applicable case law and legal standards, the Court ADOPTS the Report & Recommendation [Dkt. #15] and GRANTS IN PART and DENIES IN PART defendant's Motion to Dismiss Counts 1, 2, 3, and 5 [Dkt. #9].

## BACKGROUND

This case involves the provision of special education and related services by DCPS for plaintiffs' minor son, B.D. *See* Am. Compl. at 1 [Dkt. #6]. The Davises' attempts to obtain a free appropriate public education ("FAPE") from DCPS have been discussed at length in opinions by this Court and our Circuit Court. *See B.D. v. District of Columbia*, 75 F. Supp. 3d 225 (D.D.C. 2014); *B.D. v. District of Columbia*, 817 F.3d 792 (D.C. Cir. 2016); *B.D. v. District of Columbia*, Case No. 13-cv-1223, Mem. Op. (Sept. 25, 2020) [Dkt. #81]. In this opinion, I will focus on the facts giving rise to the immediate dispute.

In October 2012, B.D.'s Individualized Education Program ("IEP") team developed an IEP recommending that B.D. be educated in a therapeutic residential school. Am. Compl. ¶ 19. Therefore, in May 2013, after a due process hearing regarding the Davises' challenges to that IEP process, D.C.'s Office of the State Superintendent of Education ("OSSE") renewed its search for a residential school for B.D. *Id.* ¶ 20. According to plaintiffs, OSSE did not inform the Davises that it had renewed this search or that it had disclosed B.D.'s educational records to prospective residential schools. *Id.* In June 2013, OSSE notified the Davises that the Eagleton School in Massachusetts had accepted B.D. *Id.* ¶ 21. Although DCPS had originally scheduled an IEP meeting for June 21, 2013, a scheduling conflict of B.D.'s case manager caused DCPS to reschedule the meeting for July 16, 2013. *Id.* ¶¶ 22–23.

A week prior to the scheduled meeting, on July 8, 2013, the Davises notified DCPS that they planned to place B.D. in a residential treatment facility at Rogers Memorial Hospital. *Id.* ¶ 26. The Davises requested that DCPS monitor B.D. while he was at Rogers

2

and propose an IEP for him while he was there, but DCPS refused these requests. *Id.* ¶ 27. According to plaintiffs, Ms. Davis interpreted DCPS's response to mean that the July 16, 2013 IEP meeting was cancelled. *Id.* ¶ 28. However, on July 15, 2013, B.D.'s case manager circulated a conference call number for a meeting the following day. *Id.* ¶ 29. The Davises requested to postpone the meeting, citing their confusion about the scheduling, but DCPS declined to postpone. *Id.* ¶¶ 30–31. On July 16, 2013, the IEP team met without Ms. Davis. *Id.* ¶ 31. According to plaintiffs, the IEP team did not address all issues required for discussion at the 2013 IEP annual review. *Id.* ¶ 32.

After B.D.'s time at Rogers, DCPS scheduled an IEP meeting for October 1, 2013. *Id.* ¶¶ 33, 37. One week before the scheduled meeting, DCPS notified the Davises that B.D. would be formally placed at Eagleton. *Id.* ¶ 37. According to plaintiffs, at the meeting, DCPS reaffirmed its intent to place B.D. at Eagleton. *Id.* ¶ 38. The Davises then sought and obtained a "stay-put" injunction from this Court confirming B.D.'s "current educational placement" as one-on-one instruction for 10 hours per week while judicial proceedings in a related action were ongoing. *Id.* ¶ 40; *see B.D. v. District of Columbia*, Case No. 13-cv-1223, Mem. Order (Nov. 19, 2013) [Dkt. #16].

On July 29, 2014, DCPS convened another IEP meeting. Am. Compl. ¶ 41. According to plaintiffs, DCPS circulated a draft IEP to DCPS team members in advance but provided Ms. Davis a copy only when she requested one. *Id.* Plaintiffs also allege that the IEP team did not address all issues required for discussion at the 2014 IEP annual review. *Id.* ¶ 42.

3

## PROCEDURAL HISTORY

On February 2, 2015, the Davises filed a due process complaint, alleging that DCPS and OSSE had denied B.D. a free appropriate public education by committing certain procedural violations, including (a) denying the Davises an opportunity to participate in developing his IEP, (b) failing to review previously developed portions of the IEP at the October 1, 2013 IEP meeting, (c) predetermining B.D.'s placement at Eagleton before the October 1, 2013 and July 29, 2014 IEP meetings, (d) violating B.D.'s right to remain in his "current placement," (e) withholding information to be discussed at the July 29, 2014 IEP meeting, (f) limiting discussion at the July 29, 2014 IEP meeting, and (g) failing to maintain the confidentiality of B.D.'s educational records. *See id.* ¶ 51; Pls.' Opp'n, Ex. A, Admin. Due Process Compl. Notice at 4, 7–8 (Feb. 2, 2015) ("February 2, 2015 DPC") [Dkt. #12-1]. On April 17, 2015, the hearing officer issued a determination rejecting each of plaintiffs' challenges. Am. Compl., Ex. 1, Hr'g Officer Determination (Apr. 17, 2015) ("April 17, 2015 HOD") [Dkt. #6-1].

Plaintiffs then filed a five-count complaint against the District of Columbia in this Court on July 16, 2015, *see* Compl. [Dkt. #1], and amended their complaint on October 8, 2015, *see* Am. Compl. [Dkt. #6]. In Count 1, plaintiffs appeal from the hearing officer's April 17, 2015 determination, alleging that the determination "found facts inconsistently and contrary to the evidence, failed to follow applicable evidentiary rules, failed to address all issues presented in the case, misapplied the law, decided the case against the weight of the evidence and committed other errors." Am. Compl. ¶ 64. In Counts 2 and 3, plaintiffs allege that "[t]he District's practice of allowing OSSE to second-guess an IEP team's

4

assessment of a student's need for placement in a nonpublic school" and to assign a student to a school identified by OSSE violates the IDEA. *Id.* ¶ 68. Plaintiffs seek both a declaratory judgment and an order enjoining this practice. *Id.* ¶¶ 66–73. In Counts 4 and 5, plaintiffs allege that "OSSE's contracts with its special education hearing officers" violate the IDEA's requirement of independent hearing officers. *Id.* ¶ 76. Plaintiffs seek both a declaratory judgment and an order vacating the April 17, 2015 HOD because it was decided by one of these hearing officers. *Id.* ¶¶ 74–81. This case was referred to Magistrate Judge Kay for a report and recommendation on July 20, 2015. *See* Order Referring Case [Dkt. #3].

On November 10, 2015, defendant moved to dismiss Counts 1, 2, 3, and 5. *See* Def.'s Mot. [Dkt. #9]. After the parties completed briefing, Magistrate Judge Kay issued a Report & Recommendation on August 11, 2016, recommending that Counts 2, 3, and 5 be dismissed. *See* R. & R. [Dkt. #15]. Plaintiffs filed an objection to the Report & Recommendation with respect to the dismissal of Counts 2, 3, and 5. *See* Objs. to R. & R. [Dkt. #16]. Upon the parties' joint motion, the Court stayed proceedings for the parties to engage in mediation, *see* 12/19/2016 Min. Order, but those efforts were unsuccessful. The case remained stayed pending our Circuit Court's consideration of a related IDEA action involving B.D. *See B.D. v. District of Columbia*, 817 F.3d 792 (D.C. Cir. 2016). After our Circuit Court issued its opinion and the hearing officer completed the necessary remand in that case, I lifted the stay in this case on June 3, 2020. *See* 6/3/2020 Min. Order.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a federal district court must dismiss claims over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). A plaintiff bears the burden of establishing that a federal court has jurisdiction over its claims by a preponderance of the evidence. *Fontaine v. Bank of Am., N.A.*, 43 F. Supp. 3d 1, 3 (D.D.C. 2014); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). The Court must more closely scrutinize a plaintiff's factual allegations in resolving a Rule 12(b)(1) motion for lack of jurisdiction than in a Rule 12(b)(6) motion. *Macharia v. United States*, 334 F.3d 61, 64, 67–68 (D.C. Cir. 2003).

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint or any portion of it for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, the Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). To survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must construe the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979). Factual allegations, which are assumed to be true, must "be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The

Court need not "accept legal conclusions cast in the form of factual allegations," nor "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

When a party objects to a magistrate judge's recommended disposition, the Court reviews *de novo* the portions of the recommendation to which the parties objected. Fed. R. Civ. P. 72(b)(3); LCvR 72.3(c). The Court may "accept, reject, or modify the recommended disposition" and may "receive further evidence," as necessary. Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

### I.    Count 1

In Count 1, plaintiffs appeal from the hearing officer's April 17, 2015 determination. Am. Compl. ¶¶ 63–65. Defendant seeks dismissal of Count 1 on the basis that it "offers no more than an unadorned the-defendant-unlawfully-harmed-me accusation." Def.'s Mot. at 7–8. Defendant contends that the complaint contains only legal conclusions and never articulates the facts upon which those conclusions rely. *Id.* at 8.

Upon consideration of the pleadings, the parties' briefing, and the relevant case law, the Court concludes that Count 1 satisfies the relevant pleading standard. Plaintiffs first suggest that a challenge to an IDEA determination is more analogous to an administrative appeal than to a civil action and thus need only attach the relevant determination to the complaint. Pls.' Opp'n at 16–17 [Dkt. #12]. However, federal courts consistently apply the Federal Rules of Civil Procedure to IDEA claims. *See, e.g., McNeil v. District of Columbia*, 109 F. Supp. 3d 8, 9–10 (D.D.C. 2015). Under Rule 8 of the Federal Rules of

Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Unfortunately for defendant, though, plaintiffs plausibly allege facts from which the Court could infer that DCPS denied B.D. a free appropriate public education. *See Swope v. Cent. York Sch. Dist.*, 796 F. Supp. 2d 592, 604 (M.D. Pa. 2011). As Magistrate Judge Kay noted, plaintiffs allege that Ms. Davis could not attend the July 16, 2013 IEP team meeting, which prevented her from contributing to the development of B.D.'s IEP. *See* R. & R. at 7 (citing Am. Compl. ¶¶ 31–32). Plaintiffs also allege that the IEP team did not address certain issues required of an IEP annual review at the July 16, 2013 and July 29, 2014 IEP meetings. *See* Am. Compl. ¶¶ 32, 41–42. Plaintiffs plausibly allege facts—not simply legal conclusions, as defendant contends—from which the Court could infer that DCPS violated the IDEA. The complaint and the attached April 19, 2015 hearing officer determination, Magistrate Judge Kay rightly concluded, provide sufficient notice to defendant of what issues will be litigated, which is the primary purpose of Rule 8's pleading standard. *See McNeil*, 109 F. Supp. 3d at 10. Count 1 therefore satisfies the pleading standards under Rule 8 pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007). Defendant's motion to dismiss Count 1 of the complaint is thus denied.

**II.    Counts 2 and 3**

In Count 2, plaintiffs seek a declaratory judgment that the District's practice of allowing OSSE to second-guess an IEP team's assessment of a student's need for a non-public school placement violates the IDEA. Am. Compl. ¶¶ 66–70. In Count 3, plaintiffs

8

seek an order pursuant to 42 U.S.C. § 1983 enjoining this practice. *Id.* ¶¶ 71–73. Defendant seeks dismissal of Counts 2 and 3 for lack of jurisdiction on the basis that plaintiffs failed to exhaust their administrative remedies. Def.'s Mot. at 5–7. Defendant submits that Counts 2 and 3 challenge the relationship between DCPS and OSSE related to non-public school placement, which was not a claim the Davises raised in their due process complaint. *Id.*

I conclude that Counts 2 and 3 must be dismissed because plaintiffs did indeed fail to exhaust their administrative remedies. A federal court has no subject matter jurisdiction over an IDEA claim, or a claim brought under 42 U.S.C. § 1983 to enforce the IDEA, unless the claim was first pursued through administrative channels. *Douglass v. District of Columbia*, 750 F. Supp. 2d 54, 60 (D.D.C. 2010); 20 U.S.C. § 1415(l). Before parents may challenge a school district's action under the IDEA, they must first exhaust their administrative remedies by filing a claim in a due process complaint. In Counts 2 and 3 of the complaint, plaintiffs challenge DCPS's practice of allowing OSSE to question the IEP team's conclusions regarding the need for a private school placement. *See* Am. Compl. ¶¶ 66–70. However, plaintiffs did not raise this issue in their February 2, 2015 due process complaint, as required by 34 C.F.R. § 300.511(d). *See* February 2, 2015 DPC. As Magistrate Judge Kay reasoned, this claim is not the same as their claim in the due process complaint that DCPS predetermined B.D.'s placement at a residential treatment facility before the October 1, 2013 and July 29, 2014 IEP meetings. R. & R. at 10–11; *see* February 2, 2015 DPC; April 17, 2015 HOD at 3–4. The due process complaint claim focuses on DCPS's role in determining a placement *before* the IEP meeting, whereas plaintiffs' claim

9

here focuses on OSSE's role in determining a placement *after* the IEP meeting. Plaintiffs therefore did not exhaust their administrative remedies on this claim.

Parents are permitted to bypass this exhaustion requirement only when the administrative remedies would be futile or inadequate. *See Honig v. Doe*, 484 U.S. 305, 327 (1988); *Cox v. Jenkins*, 878 F.2d 414, 419 (D.C. Cir. 1989). Plaintiffs have established neither. To the contrary, the administrative process would serve an important function in airing these claims: the administrative process gives an agency the opportunities to engage in any necessary factfinding related to the claim, to apply its specialized expertise to an issue, and to correct its own errors. *Cox*, 878 F.2d at 419. Because plaintiffs failed to exhaust this claim in the administrative process, the Court must dismiss Counts 2 and 3 for lack of subject-matter jurisdiction.[1]

### III. Count 5

Finally, in Count 5, plaintiffs seek an order vacating the April 17, 2015 HOD on the basis that it was decided by a hearing officer whose contract with OSSE violates the IDEA's requirement of independence. Am. Compl. ¶¶ 79–81. Defendant seeks dismissal of Count 5 on the basis that it fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. Def.'s Mot. at 10–11. I agree.

Parents have the option, of course, to bring an additional claim under 42 U.S.C. § 1983 for an IDEA violation because § 1983 offers the possibility of a remedy (i.e., compensatory damages) not available under the IDEA. *See* R. & R. at 14. However,

---

[1] While defendant raised other grounds for dismissing Count 3 on the merits, the Court need not reach those grounds because it lacks jurisdiction to consider Count 3.

because § 1983 offers this additional remedy, courts have interpreted § 1983 relief to be available *only* for the most egregious IDEA violations. *E.g., T.M. v. District of Columbia*, 961 F. Supp. 2d 169, 177 (D.D.C. 2013). Indeed, to state a claim under § 1983 for an IDEA violation under this heightened standard, a plaintiff must plead facts sufficient to establish: (1) "DCPS violated one or more specific provisions of the IDEA"; (2) "exceptional circumstances exist, such that the conduct of DCPS that caused the IDEA violations was persistently egregious and prevented or frustrated [plaintiffs] from securing equitable relief under the IDEA"; (3) "the District of Columbia has a custom or practice that is the moving force behind the alleged IDEA violations"; and (4) "the normal remedies offered under the IDEA . . . are inadequate to compensate" for the alleged harms. *Walker v. District of Columbia*, 157 F. Supp. 2d 11, 30 (D.D.C. 2001). In Count 5, plaintiffs have failed to plead facts sufficient to establish a number of these requirements. Magistrate Judge Kay correctly concluded that plaintiffs had not pleaded facts sufficient to establish that DCPS's conduct in using special education hearing officers allegedly employed by OSSE was persistently egregious, nor had they pleaded facts sufficient to establish that the normal remedies are inadequate to compensate them for the alleged harms. R. & R. at 15; *see* Am. Compl. ¶¶ 79–81. For this reason, the Court has no choice but to dismiss Count 5 for failure to state a claim.[2]

---

[2] While defendant also argued that Count 5 of the Complaint should be dismissed as duplicative of Count 4, the Court need not address that issue because it dismisses Count 5 for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Magistrate Judge Kay's Report & Recommendation [Dkt. #15]. Accordingly, the Court will GRANT IN PART and DENY IN PART defendant's Motion to Dismiss Counts 1, 2, 3, and 5 of the Amended Complaint [Dkt. #9]. An appropriate Order will issue with this Memorandum Opinion.

*[signature]*
RICHARD J. LEON
United States District Judge