# United States District Court
# for the District of Columbia

<table>
<tr>
<td>

B.D., a minor, by and through his parents
and next friends, Anne and Brantley
Davis, *et al.,*

       **Plaintiffs**

      v.

THE DISTRICT OF COLUMBIA,
a municipal corporation,

      **Defendant**

</td>
<td>

Civil Action No.  15-01139-RJL

</td>
</tr>
</table>

### PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS

Plaintiffs B.D., a minor child when this case was filed, and his parents, Anne and Brantley Davis (collectively, "the Davises" or "plaintiffs") respectfully move the Court, pursuant to Fed. R. Civ. P. 54(d), to enter an order awarding them the legal fees and expenses they incurred as partially prevailing parties in an action brought pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq.* ("IDEA"). The grounds for this motion are:

1.    The Davises filed an amended complaint in this action on October 8, 2015 to challenge an April 17, 2015 administrative hearing officer's determination concerning B.D., a disabled student who at all relevant times was entitled to special education services from the District of Columbia ("the District") pursuant to the IDEA, its implementing regulations, and local District of Columbia law.

2.    On September 28, 2020, this Court issued a memorandum opinion and order (Docket #s 31 & 32) partially granting the District's motion to dismiss as to Counts Two, Three and

Five of the amended complaint, but denying the motion as to Count One. The District had not moved to dismiss Count Four.

3.    The parties subsequently cross-moved for summary judgment on the surviving counts. On December 21, 2021, the Court issued a memorandum opinion granting the District's motion as to Count Four, and partially granting and denying the parties' respective cross-motions as to Count One (Docket #s 52 & 53). Specifically, the Court agreed with the Davises that the District of Columbia Public Schools ("DCPS") denied B.D. a free appropriate public education ("FAPE") in 2013 by holding an individualized education program ("IEP") meeting without his parents and over their objection–a denial the Court found was not cured until B.D.'s next IEP meeting, in July 2014. The Court therefore remanded the matter for administrative proceedings to determine an appropriate remedy for the FAPE denial. *Id.*

4.    On remand, the assigned hearing officer directed DCPS to fund additional educational services for B.D. to compensate for losses he sustained during the year (July 2013 - July 2014) he had been denied a FAPE. The final order issued on January 20, 2023.

5.    Following the remand, the Davises filed a supplemental complaint (Docket #63) in which they partially appealed the remand administrative decision (Count Six) and sought payment of the legal fees and expenses they had incurred in their successful administrative proceedings, both the original hearing in 2015 and the remand hearing in 2022-23 (Count Seven). The parties again cross-moved for summary judgment, this time on these two additional counts.

2

6.    The Court subsequently denied the Davises' renewed summary judgment motion as to Count Six, but granted it as to Count Seven. Docket #s 79 & 80. The Court awarded the Davises $124,090.24 in legal fees and expenses, representing fees and costs they reasonably incurred in the underlying administrative proceedings.

7.    Based upon their successful challenge to part of the 2015 hearing officer's determination, the favorable outcome of the remand proceeding, and the Court's January 23, 2025 award of administrative-level legal fees and expenses, the Davises are "prevailing parties" within the meaning of IDEA; specifically, 20 U.S.C. §1415(i)(3)(B)(i)(I).

8.    After the Court decided the first round of summary judgment cross-motions on January 21, 2021, the Davises became IDEA "prevailing parties" and could have sought an award of legal fees and expenses; however, the parties agreed (and the Court subsequently concurred) that it would be efficient to await the remand's outcome and address all claims for fees and expenses then. The Court therefore entered a June 17, 2022 minute order extending the deadline for filing a motion pursuant to Fed. R. Civ. P. 54(d) to 30 days after all proceedings in this case have concluded. In light of the Court's resolution of the remaining counts in the Davises' supplemental complaint, their motion is now due by February 24, 2025. Minute order entered June 17, 2022; Fed. R. Civ. P. 6(a).

9.    The Davises therefore respectfully move the Court to enter an order awarding them $91,959.84, representing the reasonable legal fees and expenses they incurred in the district court litigation to prove that DCPS denied B.D. a FAPE in 2013 and then to secure an award of the legal fees and expenses they incurred in the administrative proceedings.

In support of this motion, plaintiffs respectfully refer the Court to the accompanying supporting memorandum of points and authorities, exhibits, and the record herein.

/s/      *Diana M. Savit*
Diana M. Savit #244970
**SAVIT LAW FIRM, LLC**
4520 East-West Highway
Suite 700
Bethesda, Maryland 20814
(301) 951-9191
(240) 536-9156 (fax)
Email: dms@savitlaw.com
Attorneys for plaintiffs Anne & Brantley Davis and B.D.

4

# United States District Court
## for the District of Columbia

**B.D., a minor, by and through his parents and next friends, Anne and Brantley Davis, *et al.*,**

    **Plaintiffs**

    **v.**

**THE DISTRICT OF COLUMBIA, a municipal corporation,**

    **Defendant**

Civil Action No.  15-01159-RJL

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS

   Anne and Brantley Davis ("the Davises"), as parents and next friends of plaintiff B.D., and on his behalf as well as their own,[1] respectfully move this Court to enter an order awarding them $91,355.67 to reimburse them for legal fees they reasonably incurred in achieving "prevailing party" status in an action brought pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq.* ("IDEA") and $604.17 to reimburse their reasonable expenses in that action.

   The Court has previously outlined the facts leading up to the Davises' partial victory in its memoranda of September 28, 2020 (Docket #31), Court's December 21, 2021 (Docket #52), and January 23, 2025 (Docket #80). In its several opinions, the Court (a) initially rejected defendant the District of Columbia's ("the District") attempt to dismiss the Davises' challenge to an April 17, 2015 hearing officer's determination (Docket #31), (b) agreed with the Davises that this

---

[1]

   B.D. is now a legal adult. On May 13, 2018, he gave his parents a power of attorney to make decisions on his behalf related to his education. Docket #44-3.

determination erred in finding that DCPS had not violated B.D.'s IDEA rights in 2013 and therefore remanded the case for further administrative proceedings (Docket #52), and (c) awarded the Davises the legal fees and expenses they had reasonably incurred in the two administrative proceedings (Docket #80).

Because the Davises prevailed on significant issues in this litigation (overturning part of the April 17, 2015 hearing officer's determination, yielding relief for B.D. on remand, and then securing the award of administrative-level legal fees and expenses), they have prevailed in an action in this Court brought pursuant to the IDEA and may be awarded the reasonable legal fees and expenses they incurred in securing that result. 20 U.S.C. §1415(i)(3)(B)(i)(I).

## ARGUMENT

### The Davises are entitled to an award of the reasonable legal fees and expenses they incurred in the district court litigation to prove that DCPS violated B.D.'s right to a FAPE in 2013 and then to secure reimbursement for the administrative-level legal work required to achieve that result.

The District has previously acknowledged that the Davises prevailed on the issue of its violation of B.D.'s IDEA rights in 2013, and conceded their right to reimbursement of the reasonable legal fees and expenses they incurred in the administrative proceedings over that issue. Docket #73. The only remaining question, therefore, concerns the amount of the reasonable legal fees and expenses to be awarded for legal services in the district court litigation. A party who prevails in an IDEA action is entitled to reimbursement of legal fees and expenses incurred in both administrative and court proceedings. *Kaseman v. District of Columbia,* 444 F.3$^d$ 637 (D.C. Cir. 2005); *Moore v. District of Columbia,* 907 F.2$^d$ 165 (D.C. Cir. 1990) (*en banc*). The Davises request $91,355.67 in legal fees and $604.17 in non-fee costs for the part of the case that was successfully litigated in the district court.

2

IDEA grants a court discretion to award reasonable legal fees and expenses in any action or proceeding brought pursuant to that statute to a prevailing party who is the parent of a child with a disability.  20 U.S.C. §1415(i)(3)(B)(i); *Eley v. District of Columbia,* 793 F.3<sup>d</sup> 97 (D.C. Cir. 2015). A "prevailing party" is one who secures judicial imprimatur on a result that materially alters the relationship between the parties and that is enforceable in court.  *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources,* 532 U.S. 598 (2001); *Alegria v. District of Columbia,* 91 F.3<sup>d</sup> 262 (2004) (party who obtains enforceable consent order has "prevailed" for purposes of IDEA fee/expense reimbursement); *Role Models America, Inc. v. Brownlee,* 359 U.S. App. D.C. 237, 353 F.3<sup>d</sup> 962 (D.C. Cir. 2004) ("prevailing" status established by order mandating "real world" change in one party's conduct toward the other).  The Davises have "prevailed" in the face of vigorous and sustained opposition by the District.

The party seeking fees and expenses bears the burden of proving both entitlement and amount, all of which are satisfied by showing that (a) the party prevailed, (b) the number of hours expended was reasonable, and (c) the hourly rates claimed are reasonable.  *In re North,* 59 F.3<sup>d</sup> 184 (D.C. Cir. 1995); *Covington v. District of Columbia,* 57 F.3<sup>d</sup> 1101 (D.C. Cir. 1995); *Bucher v. District of Columbia,* 777 F.Supp. 2<sup>d</sup> 69 (D.D.D. 2011); *Jackson v. District of Columbia,* 696 F.Supp. 2<sup>d</sup> 97 (D.D.C. 2010). The District has already acknowledged the Davises' prevailing party status and the reasonableness of the hourly rates charged for the professional services rendered in the administrative litigation of this case. The remaining elements are addressed below.

IDEA attorneys' fees awards are to be based upon rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished, and without applying a multiplier to the proven rate.  20 U.S.C. §1415(i)(3)(c).  This jurisdiction follows in IDEA cases the commonly used test for determining an appropriate fee award applicable to

3

virtually all litigation in which a prevailing party is entitled to recover fees from its adversary: the three-part analysis grounded in the United States Supreme Court's decision in *Blum v. Stenson,* 465 U.S. 886 (1984). First, the court must determine the number of hours reasonably expended. Second, it must determine the reasonable hourly rate. Finally, it must determine whether use of a multiplier is warranted. *DL v. District of Columbia,* 924 F.3$^d$ 585 (D.C. Cir 2019); *Reed v. District of Columbia,* 843 F.3$^d$ 517 (D.C. Cir. 2016); *Eley v. District of Columbia,* 793 F.3$^d$ 97 (2015); *Save Our Cumberland Mountains, Inc. v. Hodel,* 857 F. 2$^d$ 516 (D.C. Cir. 1988) (*en banc*); *J.T. v. District of Columbia,* 652 F.Supp. 3$^d$ 11 (D.D.C. 2023).[2]

### A.    The number of hours expended was reasonable under the circumstances.

The Davises request reimbursement for work performed and expenses incurred in several phases of the litigation: (a) preparing their original complaint and its amendment, along with the documents required to file a new case; (b) their partially successful defense against the District's motion to dismiss the amended complaint; (c) their partially successful motion for summary judgment, in which they secured an order upholding their challenge to part of the April 17, 2015 hearing officer's decision, resulting in an administrative remand that yielded compensatory services for B.D.; (d) their partially successful renewed summary judgment motion, following the administrative remand, iin which they were awarded administrative-level "prevailing party" legal fees and expenses; and (e) typical legal services incident to ongoing district court litigation.

The number of hours reasonably expended in securing the Davises' successful outcome, broken down by professional and the hourly rate charged for each, is as follows:

---

[2]

Because IDEA specifically bars use of multipliers, only the first two prongs of this analysis apply to cases in which fees are sought under IDEA's fee-shifting provision. The bar on using multipliers to alter what is commonly called the "lodestar" amount is not restricted to upward adjustments.

| Professional | Unbilled hours | Billed hours | Value of billed time at current rate |
|---|---|---|---|
| Diana M. Savit | 12.6 | 258.7 | $130,643.50/ payment of **$87,095.67** requested |
| Diana M. Savit (time billed at paralegal rate) | 0 | 24.4 | **$3,660.00** |
| Elaine Avner | 0 | 8 | **$600.00** |
| **Total requested** | | | **$91,355.67** |

Exhibit 1, February 19, 2025 declaration of Diana M. Savit, ¶12.

Attorney time and expenses that did not contribute to the Davises' success have been completely excluded from this motion. Exhibit 1,¶7. Some 303.7 professional hours were expended on tasks that contributed to the Davises' success.[3] *Id.,* ¶12 Of these, 12.6 hours (4 %) were not charged, and 32.4 (10.7%) were billed at a paralegal rate, even if that work was performed by an attorney. *Id.* The fees for services billed at the attorney rate in all phases of the litigation have been further reduced by one-third to account for time entries that include work on both successful and unsuccessful claims, bearing in mind that the Davises were fully successful on Count Seven (the claim for administrative-level legal fees and expenses). *Id.,* ¶10.

Parties who prevail in administrative proceedings are separately allowed to recover the reasonable fees and expenses they incurred in securing payment for administrative-level fees and expenses (also known as "fees on fees") in  a civil action filed in an appropriate court. *Kaseman v. District of Columbia, supra; McNeil v. District of Columbia,* 233 F.Supp. 3[d] 150 (D.D.C. 2017).

---

[3]

As explained in Exhibit 1, ¶13, this motion encompasses fees and expenses incurred through February 4, 2025. Any reimbursable fees or expenses incurred thereafter will be submitted with the Davises' reply to the District's response to this motion.

**B.    The reasonable hourly rate**

The Davises request payment at the following hourly rates:

- Diana Savit: $505

- Diana Savit (paralegal): $150

- Elaine Avner (paralegal): $75

This Court has already approved counsel's rates in its January 23, 2025 memorandum opinion (Docket #80), with the District's consent. These rates are below those approved by the Office of the United States Attorney for the District of Columbia in fee-shifting litigation. Exhibit 1, ¶14. The hourly rates already approved in the same case should be applied to all phases of the litigation, as IDEA administrative and trial court proceedings are different parts of the same case. *Jester v. District of Columbia,* 474 F.3$^{d}$ 620 (D.C. Cir. 2007); *Kaseman v. District of Columbia, supra*

**C.    <u>Litigation costs</u>**

As explained in Exhibit 1, ¶15, the Davises separately request an award of $604.17 in non-fee expenses.  The bulk of the charges–$400–represents this Court's new case filing fee.  The remaining $204.17 consists of modest photocopying and postage expenses, mostly the cost of printing the lengthy administrative record after the District filed it.  *Id.*

## **CONCLUSION**

For all the foregoing reasons, the Davises respectfully submit that the Court should enter an order awarding them $91,355.67 in legal fees and $604.17 in non-fee expenses, plus the additional reasonable fees and expenses to be submitted with their anticipated reply memorandum, as prevailing parties in this IDEA action.

/s/       *Diana M. Savit*

Diana M. Savit #244970
**SAVIT LAW FIRM, LLC**
4520 East-West Highway
Suite 700
Bethesda, Maryland 20814
(301) 951-9191
(240) 536-9156 (fax)
Email: dms@savitlaw.com
Attorneys for plaintiffs Anne & Brantley Davis and B.D.

7